(Nos. 83-CC-0749, 83-CC-0750, 83-CC-0751-)

CAPITAL CITY PAPER CO., Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed February 4, 1983.*

Sorling, Northrup, Hanna, Cullen & Cochran, for Claimant.

Neil F. Hartigan, Attorney General (Sue Mueller, Assistant Attorney General, of counsel), for Respondent.

Roe, C. J.

These three claims were made against the Illinois House of Representatives for materials allegedly furnished to Representative Ray Ewell, Representative Glenn Snyder, and Representative Wyvetter H. Younge in the amounts of $226.06, $20.38, and $68.78 respectively. In each case the Claimant filed the standard lapsed appropriation complaint form alleging that it had made demand for payment but its demand was refused on grounds that the appropriation out of which this claim could have been paid had lapsed.

The Respondent moved for dismissal based on information contained in the departmental reports. The departmental reports were issued by the Illinois House of Representatives pursuant to Rule 14 of the Rules of the Court of Claims of the State of Illinois which established that this information is *prima facie* evidence of the facts set forth therein. The departmental reports establish that there were insufficient funds lapsing to pay these claims and the 2% transfer statute, section 13.2 of "An Act relating to internal auditing in State government" (Ill. Rev. Stat., ch. 127, par. 149.2), is unavailable. The 1970 Constitution of the State of Illinois, article VIII, section 2, and section 30 of "An Act relating to internal auditing in State government" (Ill. Rev. Stat., ch. 127, par. 166), prohibit ex-

penditures exceeding an appropriation. These claims exceed the appropriation. In pertinent part the departmental reports point out that:

"The Representatives receive $17,000.00 each year to operate their district offices. They know if they exceed their allotment they must pay the additional costs."

For this Court to pay an award under such circumstances would be tantamount to our making a new appropriation, a privilege expressly reserved by the constitutional provision cited above to the General Assembly or, if the quoted conclusion from the departmental is correct (conclusions are not accorded *prima facie* evidence status under Rule 14), it would be use of State funds for personal obligations. We are therefore constrained by operation of law to deny these claims.

However, we do note that with respect to Representative Ewell's account there was 16 cents remaining and with respect to Representative Younge's account there was 30 cents remaining unexpended.

Therefore, it is hereby ordered that Claimant be, and hereby is, awarded the total sum of $0.46 (forty-six cents).